## UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

RECEIVED

2007 APR 25  A 9: 00

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| James Ray Morris, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § Civil Action No.: 1:07-CV-347-WKW |
| | § |
| Southern Nuclear Operating | § |
| Company, Inc. | § JURY DEMAND |
| | § |
| Defendant. | § |

## COMPLAINT

## INTRODUCTION

1.     This is an action for legal and equitable relief to redress unlawful conduct under the Equal Opportunity for Individuals with Disabilities, commonly known as the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12101 et. seq., and Alabama state law. The Plaintiff requests a trial by jury of all issues so triable to a jury.

## JURISDICTION

2.     Jurisdiction is invoked pursuant to 28 U.S.C. §§1331 and supplemental jurisdiction is appropriate pursuant to 28 U.S.C. §1367.

3.     The Defendant, Southern Nuclear Operating Company, Inc. ("Southern") employed the plaintiff to work at the Farley Nuclear Plant in Houston County, Alabama where a substantial part of the events or omissions giving rise to the plaintiff's claim occurred.  Therefore, venue in the Middle District of Alabama is proper pursuant to 28 U.S.C. §1391.

## PARTIES

4.     The Plaintiff, Ray Morris, was employed by the Defendant and, at all relevant times, has been a resident of the State of Alabama.

5.     The Defendant is a Delaware corporation doing business in Houston County. It employs more than 15 people and is therefore an employer under the ADA and for all other relevant purposes herein.

## STATEMENT OF FACTS

6.     Southern employed the plaintiff as a nuclear engineer from 1990 through 2006. During that time, plaintiff was promoted to the level of Senior Engineer.

7.     In December 2005, several months following a heart attack, the plaintiff was diagnosed by his family physician with depression.  The condition was treated appropriately with medication and the plaintiff missed only a few days from work.

8.     At all relevant times, plaintiff remained fit for duty and able to perform the essential functions of his job. His medical condition did not interfere with his work performance and he continued to work through the month of January 2006.

9.     In February 2006, the defendant, without justification, suspended the plaintiff indefinitely and required him to submit to a series of fitness for duty examinations. He was seen by Dr. Meghani, a psychiatrist, on February 14, 2006 for that purpose and was found to be fit for duty.

10.     Despite these findings, the defendant did not revoke the suspension, but required that plaintiff submit to another psychiatric examination with a second psychiatrist.

2

Plaintiff was seen by Dr. McKeown, on February 22, 2006. Dr. McKeown also found that the plaintiff was fit for duty. Defendant still did not revoke the suspension.

11.     Thereafter, defendant unlawfully required the plaintiff to be seen by additional doctors, including an internist, a third psychiatrist and counselors at Bradford Health Services. No physician who actually examined the plaintiff ever found a medical condition which impaired plaintiff's ability to perform his essential job functions. All medical examinations and inquiries were monitored by defendant's employees and agents and yet, despite the knowledge that he was fit for duty, defendant did not return plaintiff to work.

12.     Instead, in April 2006, without appropriate justification, defendant required that plaintiff sign a "compliance contract" which declared plaintiff fit to return to work, but which required him to submit to ongoing medical examinations and inquiries which were to be monitored by the company indefinitely.

13.     Plaintiff opposed this unlawful intrusion into his private affairs and reviewed the "compliance contract" with the company medical review officer, Dr. Earle Mazyk. Dr. Mazyk signed a modified version of the contract and sent it to the defendant.

14.     When plaintiff opposed this unlawful conduct, he was threatened with termination if he did not sign.

15.     When he still refused to sign the unlawful "agreement", he was terminated on April 7, 2006.

16.     The plaintiff has met all administrative conditions for filing this case under the above statutes. He filed a timely charge with the Equal Employment Opportunity Commission and is filing this suit within 90 days of receiving notice of his right to sue.

3

17.     The Plaintiff has no adequate, or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, back pay, mental anguish, an injunction is his only means of securing adequate relief. The Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT I
## ADA MEDICAL INQUIRY VIOLATIONS

18.     The plaintiff incorporates by reference herein the above paragraphs 1-17.

19.     The defendant violated the Americans with Disabilities Act  42 USC 12112; 29 CFR 1630.14 by requiring the plaintiff to submit to multiple medical examinations in the absence of appropriate evidence that the plaintiff's ability to perform essential job functions was impaired by a medical condition or that the employee posed a direct threat due to a medical condition. The defendant further violated the ADA by requiring plaintiff's submission to future medical inquiries by the employer without limit.

20.     As the proximate result of the acts and omissions of the Defendant, the Plaintiff has suffered damages including loss of past and future earnings, benefits, interest, costs and other pecuniary loss.

21.     As a further proximate result of the conduct of the Defendant, the Plaintiff has suffered emotional and mental distress, humiliation, embarrassment, discomfort and anxiety.

22.     Plaintiff therefore seeks legal and equitable relief and an Order requiring the defendant to make the plaintiff whole by awarding him compensatory damages for the wrong endured and punitive and/or nominal damages as determined by the jury.

4

23.    The plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

## COUNT II
## RETALIATION UNDER ADA

24.    The plaintiff realleges and incorporates by reference paragraphs 1-17 above as if fully set out herein.

25.    Plaintiff engaged in protected activity under the ADA by opposing and refusing to submit to defendant's unlawful conduct.

26.    In retaliation Defendant discharged the plaintiff for refusing to submit to such unlawful activity.

27.    As a proximate result, plaintiff suffered materially adverse injury including, without limitation, loss of earnings, benefits and other pecuniary loss as well as emotional and mental distress, anguish, humiliation, embarrassment, discomfort and anxiety.

28.    Plaintiff therefore seeks an Order requiring the defendant to make the plaintiff whole by awarding him such damages as allowed by law including without limitation back and front pay and such equitable relief as set out below.

29.    The plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

5

## COUNT III

## INTENTIONAL INFLICTION OF EMOTIONAL
## DISTRESS (TORT OF OUTRAGE)

30.    Plaintiff realleges and incorporates by reference herein paragraphs 1 through 17.

31.    The Defendant engaged in extreme and outrageous conduct by unlawfully denying the plaintiff his rights under federal and state law and by intentionally dealing with the Plaintiff in a way as to intentionally cause the most distress possible.  Defendant's conduct was not only unlawful, but was utterly atrocious and is conduct which is not tolerated by civilized society.

32.    As a proximate result of the acts and omissions of the Defendant, the Plaintiff has suffered damages including past and future loss of earnings, benefits and other compensation, interest attorneys' fees, costs and other pecuniary loss.

33.    As a further proximate result of Defendants' conduct, the Plaintiff has suffered from severe emotional and mental distress, anguish, humiliation, embarrassment, shock, pain, discomfort and anxiety.

WHEREFORE, the Plaintiff prays that judgment be entered in his favor and against the Defendant herein for all such compensatory and punitive damages which are allowed by law.

## COUNT IV
## INVASION OF PRIVACY AGAINST ALL DEFENDANTS
## (Wrongful intrusion)

34.    Plaintiff realleges and incorporates by reference herein paragraphs 1 through 17 as set forth above.

6

35.    Defendant committed a tortious invasion of privacy by wrongfully intruding into the private affairs of the plaintiff by in an unlawful and offensive manner.

36.    As a proximate result of the acts and omissions of the Defendant, the Plaintiff has suffered damages including past and future loss of earnings, benefits and other compensation, interest attorneys' fees, costs and other pecuniary loss.

37.    As a further proximate result of Defendants' conduct, the Plaintiff has suffered from severe emotional and mental distress, anguish, humiliation, embarrassment, shock, pain, discomfort and anxiety.

WHEREFORE, the Plaintiff prays that judgment be entered in his favor and against the Defendant herein for all such compensatory and punitive damages which are allowed by law.

## EQUITABLE PRAYER FOR RELIEF

**WHEREFORE**, the plaintiff, in addition to the above claimed legal remedies also prays for a declaratory judgment holding that the actions of the Employer, described above, violated and continue to violate the rights of the plaintiff as secured by the respective federal statutes and that a permanent injunction enjoining the Employer, their agents, affiliates, successors, employees, attorneys and those acting in concert with the defendant and on the defendant's behalf from continuing to violate such laws and for such other and equitable relief as appropriate.

Respectfully submitted this 23 day of April , 2007.

_____
Elizabeth B. Glasgow – ASB-8348-S58E
Farmer, Price, Hornsby & Weatherford, L.L.P.
100 Adris Place (36303)
Post Office Drawer 2228
Dothan, Alabama 36302
Tel:    334/793-2424
Fax:    334/793-6624


**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY
ON ALL ISSUES TRIABLE TO A JURY.**

_____
Elizabeth B. Glasgow


**SERVE DEFENDANT AT:**
Southern Nuclear Operating Company, Inc.
c/o Bentina C. Terry, Registered Agent
40 Inverness Center Parkway
Birmingham, AL 35242

8