# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JAMES RAY MORRIS**, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.** |
| ) | **1:07-cv-347-WKW** |
| **SOUTHERN NUCLEAR** ) | |
| **OPERATING COMPANY, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## REPORT OF PARTIES' PLANNING MEETING

**1.  Appearances.**

Pursuant to Fed. R. Civ. P. 26(f), and the Court's May 29, 2007 Order, a meeting was held on July 3, 2007 and was attended by:

  a.  Elizabeth B. Glasgow, Esq. on behalf of the Plaintiff.

  b.  Leigh Anne Hodge, Esq., and Brent T. Cobb, Esq. on behalf of the Defendant.

**2. Pre-Discovery Disclosures.**

The parties will exchange by **July 27, 2007** the information required by Federal Rule of Civil Procedure 26(a)(1).

**3.  Discovery Plan.**

The parties jointly propose to the court the following discovery plan:

a. Discovery will be needed on all matters addressed in the parties' pleadings, including the complaint and answer and the defenses therein.

b. Unless modified by court order for good cause shown, discovery must be commenced in time to be completed by **August 1, 2008**. The parties recognize that discovery may be sought from third persons over whom neither party has direct control, which may necessitate a request for an extension of this deadline.

c. Unless modified by stipulation of the parties or court order:

### Interrogatories

There will be a maximum of 30 interrogatories by each party to any other party. The responses will be due 30 days after service.

### Requests for Production

The parties are unable to agree on the number of requests for production of documents by each party to any other party. The Defendant proposes the parties be limited to 30 requests. The Plaintiff proposes the parties be limited by the Federal Rules of Civil Procedure. The parties do agree that responses to any requests will be due 30 days after service.

### Requests for Admission

There will be a maximum of 30 requests for admission by each party to any other party. Responses will be due 30 days after service.

### Depositions

The parties agree that no more than 12 depositions may be taken by the Plaintiff and that no more than 12 depositions may be taken by the Defendant. Each deposition is limited to a maximum of 8 hours unless extended by agreement of the parties.

### Supplementation

Supplementation under Rule 26(e) will be within 30 days before the close of discovery, or as soon as reasonably possible after the information and documents are discovered.

### Electronically Stored Information

The parties have agreed to work together to facilitate the discovery of electronically stored information. The parties are aware of their duty to preserve electronically-stored documents.

### Privileged Material

The parties agree to exert their best efforts to identify documents or material protected by the attorney-client privilege or the work-product doctrine prior to the disclosure of any such documents or material. Inadvertent disclosure of the privileged or protected material does not waive the privilege or protection. Upon discovering the inadvertent disclosure of such material, the disclosing party shall notify the receiving party. The receiving party shall immediately return or destroy

the inadvertently produced documents or material, and all copies and derivations. Questions of privilege and protection shall ultimately be decided by the Court.

### Expert Testimony

Unless modified by stipulation of the parties or court order, the disclosure of expert witnesses – including a complete report under Fed. R. Civ. P. 26(a)(2)(B) from any specially retained or employed expert – are due:

   a.   From the Plaintiff:   **February 29, 2008**

   b.   From the Defendant:   **April 18, 2008**

**4.   Other Items.**

### Authorization to Obtain Medical Records and Other "Protected Health Information" Under HIPAA

Plaintiff will execute a medical authorization and release(s) that will allow Defendant to obtain medical records, psychological records, and other "protected health information" that are otherwise discoverable under the Federal Rules of Civil Procedure. Plaintiff will deliver the executed release(s) to Defendant no later than **July 24, 2007,** at the time he delivers his Rule 26 initial disclosures. The parties may also present the Court with a qualified protective order under HIPAA.

### Scheduling Conference

The parties do not request a scheduling conference prior to the entry of the Scheduling Order.

### Parties

Plaintiff should be allowed until **August 10, 2007** to join any additional parties and Defendant should be allowed until **September 7, 2007** to join additional parties.

### Pleadings

Plaintiff should be allowed until **August 10, 2007** to amend the pleadings and Defendant should be allowed until **September 7, 2007** to amend the pleadings.

### Dispositive Motions

All potentially dispositive motions must be filed by **May 2, 2008**.

### Pre-trial Conference

The parties request a final pretrial conference in **August 2008.**

### Alternate Dispute Resolution Plan

The parties believe that this case should be evaluated at the appropriate time for proceeding upon one or more of the tracks provided by the Court's Alternative Dispute Resolution Plan.

### Final Lists

Final lists of trial witnesses and exhibits under Fed. R. Civ. P. 26(a)(3) must be served and filed 30 days prior to trial. Parties should have 14 days after service of final lists of trial witnesses and exhibits to list objections under Rule 26(a)(3).

### Trial

The case should be ready for trial by **September 22, 2008** and at this time is expected to take approximately **3** days, although the actual number of trial days needed may differ based on information learned during discovery.

Respectfully submitted this the 19th day of July, 2007.

/s/ Elizabeth B. Glasgow (w/permission)
Attorney for Plaintiff

**OF COUNSEL:**
Elizabeth B. Glasgow
Farmer, Price, Hornsby & Weatherford, LLP
100 Adris Place
Dothan, AL 36303
Telephone: (334) 793-2424
Email: eglasgow@fphw-law.com

/s/ Brent T. Cobb
Attorney for Defendant
Southern Nuclear Operating Company, Inc.

**OF COUNSEL:**
Leigh Anne Hodge
Brent T. Cobb
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 488-5698
E-mail: lhodge@balch.com
         bcobb@balch.com